[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The plaintiff Arawana Mills Co. petitioned the defendant Commissioner of Environmental Protection for a declaratory ruling, invoking the provisions of the Uniform Administrative Procedure Act, General Statutes 4-166 et seq., in particular, 4-176. After consideration, the Commissioner issued a written decision denying the petition, holding that "(a) declaratory ruling . . . cannot be issued." The plaintiff appeals that decision. The Commissioner and defendant United Technologies Corporation move to dismiss the appeal. The court finds the issues in favor of the defendants.
The plaintiff's petition, sought a ruling by the Commissioner concerning the hazardous waste clean-up efforts being undertaken by United Technologies, which is the plaintiff's tenant, on the plaintiff's property in Southington. The petition set forth the precise text of the ruling requested by the plaintiff. In essence, the plaintiff requested the Commissioner to state that he would obtain the plaintiff's consent to any clean-up plan before approving it or, in the absence of such consent, would hold an evidentiary hearing at which UTC would have the burden of proof that the plan adequately protected the plaintiff and the public.
The basis of the Commissioner's decision was his conclusion that the plaintiff's petition did not constitute a petition for a declaratory ruling under the provisions of4-176 of the UAPA. Specifically, the Commissioner observed that the petition did not "concern the validity of a regulation or the applicability of a statute, regulation or final decision to any of the facts alleged."
Section 4-183 of the UAPA permits a person to appeal a CT Page 423 "final decision" of an agency. Section 4-166 defines "final decision" as, inter alia, "a declaratory ruling issued by an agency pursuant to section 4-176." The question raised by the defendants' motion in this case, therefore, is whether the Commissioner's decision was a declaratory ruling issued pursuant to 4-176 despite his specific holding to the contrary.
Section 4-176(e) provides that upon receipt of a petition for a declaratory ruling, an agency must take one of five specific courses of action. Among these is "(5) decide not to issue a declaratory ruling, stating the reasons for its action." This is exactly what the Commissioner did in this case. He decided not to issue a declaratory ruling, stating as his reason that the petition did not conform in substance to the provisions of 176(a). The court finds, therefore, that the Commissioner's decision was not a declaratory ruling pursuant to 4-176 (e)(1), but rather was a decision not to issue a declaratory ruling pursuant to 4-176 (e)(5). Accordingly, the decision was not a "final decision" as defined in 4-166 and as providing the basis for an appeal under 4-183.
The court's conclusion that the Commissioner's decision does not provide the basis for an administrative appeal is consistent with provisions of 4-175. That statute provides that if an agency decides not to issue a declaratory ruling pursuant to 4-176(e)(5), the petitioner may seek a declaratory judgment in this court concerning the matter in question. Thus, the UAPA provides an alternative remedy to the administrative appeal procedure in such cases. The reason for what may seem like a statutory two-step, or perhaps side-step, is that the agency has not issued a decision on the merits of the petition. The court is not in a position, therefore, to deal with the agency's action, or, more accurately, inaction, as it would in the course of an appeal of a final decision under 4-183.
For all of the reasons set forth above, the appeal is dismissed.
Maloney, J. CT Page 424